UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4482

RODERICK EUGENE HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-98-16)

Submitted: January 29, 1999

Decided: March 12, 1999

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Romallus O. Murphy, James A. Dickens, Greensboro, North Carolina,
for Appellant. Walter C. Holton, Jr., United States Attorney, Michael
P. Joseph, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roderick Eugene Harris appeals his jury trial conviction for possession with intent to distribute cocaine base (crack). On appeal, he alleges (1) that the cocaine seized from his vehicle should have been suppressed, and (2) that the district court should have granted his motion for judgment of acquittal. Because we find both issues lack merit, we affirm.

Regarding the first issue, we review legal conclusions made pursuant to a district court's suppression determination de novo, but review the underlying factual findings for clear error. See United States v. McDonald, 61 F.3d 248, 254 (4th Cir. 1995). We construe the evidence in the light most favorable to the Government, the prevailing party below. See United States v. Elie, 111 F.3d 1135, 1140 (4th Cir. 1997).

The facts, as adduced at the suppression hearing, reveal the following. High Point Police Officer Herb Sampson received a call from the dispatcher that an anonymous caller had alleged that Harris had two ounces of cocaine in his Toyota Land Cruiser parked at "T.J.'s Tavern," a bar. To prevent Harris from possibly fleeing and thus preclude a car chase, Sampson, with the assistance of other officers, drove into T.J's parking lot and immediately blocked in Harris' Toyota Land Cruiser with their patrol cars.[1] The officers entered T.J.'s and asked Harris to come outside. While in the parking lot, Sampson told Harris of the tip and sought his consent to search his vehicle. Harris declined stating, "I know my rights. Unless I give you consent, you cannot search my vehicle."[2] Sampson responded, "Yes, you are correct and

_____

[1] Sampson knew which vehicle was Harris' because he had seen him drive it on numerous prior occasions.
[2] Joint appendix ("J.A.") at 18.

2

you are free to leave."[3] Harris then walked back inside the bar. Sampson instructed a K-9 officer, who was on the scene, to have his specially-trained dog sniff the vehicle; the dog positively alerted for the presence of drugs.

Sampson then left to obtain a search warrant based upon the dog's alert and his perception that Harris appeared nervous to him when confronted with the allegation that his vehicle contained cocaine. After Officer Sampson had left, but before he returned with the search warrant, officers refused to move their patrol cars and allow Harris to drive away in his vehicle--although they told Harris that he was personally free to go. After a search warrant for the vehicle was issued, officers searched the vehicle and found a loaded pistol and crack cocaine in the console.

In denying Harris' motion to suppress, the district court assumed, for purposes of its ruling, that the officers' initial blocking of the Toyota Land Cruiser was an illegal seizure. Nonetheless, the court found that the subsequent dog sniff, which properly provided the basis for the search warrant, was independent of the illegal seizure. The seizure, the court reasoned, did not lead in any way to the evidence forming the basis for the probable cause to search. Rather, the dog sniff was an independent source from the presumed illegal seizure of the vehicle.

On appeal, Harris argues that because the initial seizure of the vehicle was illegal and because the cocaine was found after such seizure, the cocaine must be suppressed as "fruit of the poisonous tree." Nardone v. United States, 308 U.S. 338, 341 (1939). Evidence obtained as a direct result of an unconstitutional search or seizure is subject to exclusion. See Segura v. United States, 468 U.S. 796, 804 (1984). Exclusion is also required if the subsequently obtained evidence was derived by the exploitation of the initial illegality or "fruit of the poisonous tree." Id. Evidence is not to be excluded, however, if the connection between the illegal police conduct and the discovery and seizure of the evidence is "so attenuated as to dissipate the taint." Nardone, 308 U.S. at 341. That is, if police discover the evidence

_____

**3 Id.**

from an source independent from the illegal conduct, the evidence need not be excluded. See Segura, 468 U.S. at 805.

We agree with the district court that the canine sniff provided the requisite probable cause to obtain the search warrant and was an independent source from the assumed illegal seizure of the vehicle. See Segura, 468 U.S. at 814-15 (evidence will not be excluded as "fruit of the poisonous tree" unless the illegality is at least the "but for" cause of the discovery of the evidence; suppression is not justified unless the challenged evidence is in some sense the product of illegal governmental activity). Harris does not seriously contest that police could legitimately have had the dog sniff his vehicle prior to blocking in his vehicle, see generally United States v. Jeffus, 22 F.3d 554, 557 (4th Cir. 1994) (having a trained dog sniff the perimeter of the vehicle in a public place does not constitute a search), or that the police gained no advantage by blocking in his vehicle. See Segura, 468 U.S. at 814-15.

In his second claim, Harris alleges that there was insufficient evidence to show that he knew the vehicle contained cocaine and, therefore, the Government failed to show an essential element of the crime. See United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993) (knowing and intentional possession is an essential element of the crime). Harris alleges the Government failed to show that he had constructive possession of the cocaine because the Toyota Land Cruiser was titled in another person's name and because police did not catch him physically in the vehicle. Thus, he argues, the district court should have granted his motion for acquittal.

We review the denial of a motion for acquittal under a sufficiency of the evidence standard. See Fed. R. Crim. P. 29; United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), petition for cert. filed, 67 U.S.L.W. 3376 (U.S. Nov. 19, 1998) (No. 98-852). In deciding whether the evidence was sufficient, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc), cert. denied,

4

117 S. Ct. 1087 (1997). If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser , 315 U.S. at 80.

Viewing the facts as we are required, we find that any rational trier of fact could have found Harris had constructive possession of the cocaine because Harris regularly drove the Toyota Land Cruiser as if it was his own car. The evidence shows that a police officer who lived at the same apartment complex as Harris saw the vehicle parked in front of Harris' apartment four or five times a week. Also, when officers asked for Harris' consent to search his vehicle, he did not disavow ownership; indeed, he later asked officers to move their cars so that he could drive the vehicle away. Finally, the vehicle contained documents addressed to Harris: a retail sales warranty in Harris' name, a check from Hecht's to him, a confirmation for lodging reservations at Myrtle Beach, and a bill from a business called Treadworks. When viewed in the light most favorable to the government, we find that the evidence was sufficient for a rational trier of fact to have found that Harris had constructive possession of the cocaine. See Burgos, 94 F.3d at 862; Nelson, 6 F.3d at 1053.

Accordingly, we affirm Harris' conviction. We dispense with oral argument because the facts and legal contentions made by the parties are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5